IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSSI WADE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0346-O |
| CARROLLTON-FARMERS BRANCH | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Rossi Wade, individually and on behalf of her minor daughter, against the Carrollton-Farmers Branch Independent School District ("CFBISD"), an elementary school principal, a school teacher, and an unnamed secretary.[1] On February 23, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she

---

[1] Plaintiff purports to bring her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* (*See* Mag. J. Interrog. #1(a)). However, plaintiff lacks standing to bring a Title VII action because she does not have an employer-employee relationship with any of the defendants. *See, e.g. Diggs v. Harris Hospital-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir.), *cert. denied*, 109 S.Ct. 394(1988). Because plaintiff is proceeding *pro se*, the court construes her complaint and interrogatory answers as asserting a civil rights claim under 42 U.S.C. § 1983, which provides a civil remedy for constitutional violations by state actors, including school administrators. *See Mayorga Santamaria ex rel. Doe Children 1-3 v. Dallas Indep. Sch. Dist.*, No. 3-06-CV-0692-L, 2006 WL 3350194 at *39 (N.D. Tex. Nov. 16, 2006).

lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on April 8, 2009 and June 8, 2009. The court now determines that plaintiff's equal protection claim against Walter Peterson, the principal of Bernice Freeman Elementary School, survives summary dismissal. Her other claims should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, who is African-American, asserts a variety of claims on behalf of her minor daughter, a former student at Bernice Freeman Elementary School. (*See* Mag. J. Interrog. #1, 2). As best the court can decipher, plaintiff alleges that Lisa Anderson, a teacher, refused to help her daughter during class, denied her daughter the opportunity to take a make-up test, intentionally gave her daughter low grades, and failed to punish another student for injuring her daughter--all on account of her daughter's race. (*See id.* #1, 8). Plaintiff further alleges that she was harassed and discriminated against on multiple occasions by Anderson, Walter Peterson, and an unnamed secretary. Specifically, plaintiff complains that these defendants would not let her eat lunch with her daughter on campus, pay for her daughter's school pictures, or deliver a birthday gift to her daughter at school. (*See id.* & 1, 2, 3). In addition, plaintiff contends that Peterson and the unnamed secretary asked for a copy of her lease agreement as a condition of keeping her daughter in school, whereas two Asian families and one white family were not required to produce their lease agreements. (*See id.* #1; Mag. J. Sec. Interrog. #3). Even though plaintiff had previously given the administration a copy of her lease agreement, her daughter was asked to leave the school. (*See* Mag. J. Sec. Interrog. #5). By this suit, plaintiff seeks $10 million in damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (1)  is frivolous or malicious;

  (2)  fails to state a claim on which relief may be granted; or

  (3)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. & Prop. Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff cannot sue on behalf of her minor daughter. Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis. *See Martin v. Revere Smelting & Refining Corp.*, No. 3-03-CV-2589-D, 2004 WL 852354 at *1 (N.D. Tex. Apr. 16, 2004), *rec. adopted in part*, 2004 WL 1161373 (N.D. Tex. May 24, 2004), *citing Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to

practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law[.]"). Several courts, including at least two judges in this district, have held that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings. *Rodgers v. Dallas Indep. Sch. Dist.*, No. 3-07-CV-0386-P, 2007 WL 1686508 at *2 (N.D. Tex. Jun. 1, 2007); *Martin*, 2004 WL 852354 at *1; *see also Collinsgru v. Palmyra Bd. of Education*, 161 F.3d 225, 227 (3d Cir. 1998), *abrog. on other grounds*, 127 S.Ct. 1994 (2007); *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). In light of this clear precedent, all claims brought by plaintiff on behalf of her daughter should be dismissed without prejudice for lack of standing.

C.

Nor can plaintiff sue the unnamed school secretary. The federal rules make no provision for joining fictitious or unnamed defendants in an action under a federal statute. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *appeal dism'd*, No. 97-10728 (5th Cir. Sept. 22, 1997), *citing Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956). Unless and until plaintiff is able to identify the unnamed secretary, the marshal cannot effect service on this defendant. *See Staritz v. Valdez*, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D. Tex. May 21, 2007), *appeal dism'd*, No. 07-10672 (5th Cir. Aug. 23, 2007).

D.

With respect to the claims brought by plaintiff on her own behalf, the court notes that there is no basis for imposing liability on CFBISD. In order to hold the school district liable for civil rights violations under 42 U.S.C. § 1983, plaintiff must show that the unconstitutional acts allegedly committed by the individual defendants resulted from an official policy or practice. *Monell v. Dep't*

*of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *see also Buckley v. Garland Indep. Sch. Dist.*, No. 3-04-CV-1321-P, 2005 WL 2041964 at *4 (N.D. Tex. Aug. 23, 2005) (applying *Monell* standard to civil rights claim against school district). Plaintiff makes no such allegation. Instead, she contends that the conduct of the individual defendants was inconsistent with the Texas Education Code, which, according to plaintiff, requires educators to "keep abreast of the development of creative and innovative techniques in instruction and administration using those techniques to improve student learning," and establishes certain academic goals. (*See* Mag. J. Interrog. #7, *citing* TEX. EDUC. CODE ANN. §§ 4.001 & 4.002). Not only has plaintiff failed to state a claim against CFBISD, but the failure to comply with state law does not give rise to a civil rights claim against the individual defendants "unless the conduct also trespasses on federal constitutional safeguards." *Hernandez v. Duncanville Indep. Sch. Dist.*, No. 3-04-CV-2028-BH, 2005 WL 3293995 at *20 (N.D. Tex. Dec. 5, 2005), *quoting Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir. 1988).

The only constitutional claim alleged by plaintiff is a possible equal protection violation against Peterson for requiring a copy of her lease agreement. To prove an equal protection violation, plaintiff must show that she "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004); *see also Smith v. Hamlin*, No. 3-99-CV-0007-P, 1999 WL 1044600 at *2 (N.D. Tex. Nov. 17, 1999), *aff'd sub nom. Smith v. Long*, 226 F.3d 641 (Table), 2000 WL 1029018 (5th Cir. Jul. 7, 2000). In her interrogatory answers, plaintiff states that two Asian women and one white woman were not required to produce copies of their lease agreements as a condition of keeping their children in school. (*See* Mag. J. Sec. Interrog. #3). That allegation, together with derogatory comments allegedly made by Peterson about

African-Americans, (*see* Mag. J. Sec. Interrog. #4), are sufficient to enable plaintiff to prosecute an equal protection claim against this defendant.[2]

## RECOMMENDATION

Plaintiff should be allowed to prosecute her claim that Walter Peterson violated her constitutional right to equal protection of the law by requiring that she provide a copy of her lease agreement as a condition of keeping her daughter in school. All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 26, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] According to plaintiff, Peterson said that "most blacks grades [sic] don't score high on [the TAKS] test," and that "most african-Americans [sic] are not concerned with their children [sic] grades." (*See* Mag. J. Sec. Interrog. #4).